UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.:

RYAN UNSELL,
An individual,

    Plaintiff,
v.

LOWE'S HOME CENTERS, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**WITH INJUNCTIVE AND DECLARATIVE RELIEF REQUESTED**

Plaintiff, **RYAN UNSELL** ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendant, **LOWE'S HOME CENTERS, LLC**, ("Defendant") and states as follows:

1. Plaintiff brings this action for violation of Florida's Private Whistleblower Act, Section 448.102(3), Florida Statutes ("FWA") as well as the FLSA's anti-retaliation provisions provided in 29 U.S.C. § 215(a)(3).

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, and his attorney's fees and costs.

**PARTIES**

3. Plaintiff is an adult individual.

1

4. Defendant is a Foreign Limited Liability Company that operates and conducts business in, among others, Pasco County, Florida, and is thus within this court's jurisdiction.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, as they arise under 29 U.S.C. § 215(a)(3.

6. This Court also has supplemental jurisdiction over Plaintiff's FWA claims, as they arise out of the same operative facts and circumstances as his FLSA claims.

7. The court has jurisdiction over Plaintiff's claims because Defendant conduct business in, among other places, Pasco County, Florida, and Plaintiff worked for Defendant in Pasco County, Florida.

8. Venue is proper because Defendant conducts business in, among other places, Pasco County, Florida, and the actions giving rise to this lawsuit occurred in Pasco County, Florida.

9. At all times material hereto, Plaintiff was an "employee" within the meaning of the FWA.

10. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FWA.

11. Defendant, at all times material to this Complaint, employed ten (10)

or more employees, and is therefore a covered employer as defined by the FWA.

## FLSA COVERAGE

12. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

13. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

14. At all times material hereto, Defendant were Plaintiff's "employers" within the meaning of the FLSA.

15. Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during all times relevant.

16. At all times material hereto, Defendant was, and continue to be, "enterprises engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

17. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

18. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

19. At all times material hereto, Defendant had two (2) or more

employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, but which had come to rest within its location in Pasco County, Florida.

## STATEMENT OF FACTS

20. Plaintiff worked for Defendant as a member of the Freight Team from October 15, 2022, until his termination on November 25, 2023.

21. Plaintiff had to report two (2) Assistant Store Managers to higher management because these individuals botched a review, in violation of Defendant's policy and minimal industry practices.

22. Rather than thanking Plaintiff for his alertness, or conducting any sort of proper investigation, Defendant chose instead to commence a campaign of retaliation against Plaintiff.

23. For more than two (2) straight weeks in November of 2023, Defendant improperly and unlawfully clocked Plaintiff out for lunches that he did not take.

24. Plaintiff worked according to a set schedule, so somebody had to have deliberately meddled with Plaintiff's schedule to clock him out for lunches that never happened.

25. On November 21, 2023, Plaintiff objected to his Managers and Supervisors, including Defendant's Human Resources Representative Melissa Brown, that Defendant's actions violated, *inter alia*, Florida's Minimum Wage Law,

Fla. Stat. § 448.01, *et seq.*, and the Fair Labor Standards Act.

26. Four (4) days later, on November 25, 2023, Defendant informed Plaintiff that it had decided to terminate his employment, effective immediately.

27. Defendant offered no cogent explanation for taking this extreme adverse employment action against Plaintiff.

28. It is clear that Defendant terminated Plaintiff's employment in retaliation for his objections to Defendant's violations of law.

29. Any other "reason" theorized after the fact by Defendant for its sudden and ill-considered termination of Plaintiff's employment is pure pretext.

30. Plaintiff has suffered damages as a result of Defendant's conduct.

31. The close temporal proximity between Plaintiff's objections/refusal and the negative employment action taken against him, *i.e.*, termination. establishes a causal link between Plaintiff's protected activity and Defendant's retaliatory acts.

32. Defendant has no non-retaliatory reason for Plaintiff's termination.

33. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

34. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I: RETALIATION UNDER THE FLSA**
**VIOLATION OF 29 U.S.C. § 215(a)(3)**

35. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1 through 5, and 7 through 34 of this Complaint as if fully set forth herein.

36. The FLSA states that it is unlawful to discharge or discriminate against any employee for filing a complaint related to the FLSA.

37. Plaintiff was retaliated against and discharged due to his complaints about Defendant's violations of the FLSA.

38. Plaintiff objected to this violation of a law, rule, or regulation, or what he reasonably believed to be a violation of this law, rule, and regulation, and was fired as a direct result of same, which constitutes a violation of the FLSA.

39. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and any other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT II: FLORIDA'S PRIVATE WHISTLEBLOWER ACT**

## **UNLAWFUL RETALIATION**

40. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1 through 4, 6 through 11, and 20 through 34 of this Complaint as if fully set forth herein.

41. Defendant terminated Plaintiff from his employment in violation of Section 448.102(3), Florida Statutes.

42. Plaintiff was retaliated and discharged in violation of Section 448.102(3), Florida Statute for objecting to illegal activity, or what he reasonably believed to be illegal activity, being conducted by Defendant.

43. Plaintiff objected to this violation of a law, rule, or regulation, or what he reasonably believed to be a violation of this law, rule, and regulation, and was fired as a direct result of same, which constitutes a violation of the FWA.

44. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and any other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper

by this Court.

## JURY DEMAND

Plaintiff hereby request that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 24th day of November, 2025.

                              Respectfully Submitted,

                              ***/s/Noah E. Storch***
                              Noah E. Storch, Esq.
                              Florida Bar No. 0085476
                              Richard Celler Legal, P.A
                              7951 SW 6th St, Suite 316
                              Plantation FL, 33324
                              Telephone: (866) 344-9243
                              Facsimile: (954) 337-2771
                              Email: **noah@floridaovertimelawyer.com**
                              *Attorneys for Plaintiff*